Luther MOORE, Plaintiff in Error,

v.

Z. D. HOWARD, Defendant in Error.

No. 36572.

Supreme Court of Oklahoma.

Sept. 20, 1955.

Walter Mathews, Cushing, for plaintiff in error.

Doyle Watson, Drumright, for defendant in error.

CORN, Justice.

The plaintiff brought this action against the defendant to recover certain damages allegedly arising from the defendant tearing down parts of a partition fence between the properties occupied by them. The petition states:

"That on or about the 15th day of August, 1952, and for several months prior thereto, he was pasturing about ninety head of cattle on the northeast quarter of section fourteen, township seventeen north, range six east of the Indian Meridian etc. That the defendant was the owner of the southeast quarter (of such section) and at the time hereinafter mentioned there was a division fence, sufficient to keep cattle impounded between the defendant's land and that occupied by plaintiff. That the defendant employed one Cotton Wells to do certain grading on his land with a bulldozer, and on or about the 15th day of August, 1952, while making such grading and acting in the course of his employment with the said defendant, tore down such partition fence letting plaintiff's cattle escape into other fields and highways, both the defendant and the said Cotton Wells knowing, or by the exercise of reasonable diligence on their part could have learned, that cattle was being pastured on the adjoining land. That the act of tearing down such partition fence when cattle was being pastured on the lands is one which an ordinarily prudent person would not do under the circumstances.

"That both as a direct and proximate result of the tearing down of such partition fence all of his cattle escaped from the premises where being pastured, and three of them of the value

of $200. each estrayed away and never could be found; that he put in two weeks work in rounding up said cattle that were not lost until he could replace said torn down fence, and twelve days in replacing said fence, and, the reasonable and ordinary charge made by others for like work is $8. per day."

The answer of the defendant was an unverified general denial and alleged that Cotton Wells acted as an independent contractor, and also by cross petition sought certain affirmative relief from the plaintiff. The reply was a general denial.

The evidence at the hearing tended to prove that one of the defendant's employees did some work for the defendant with a bulldozer, and in the performance of the work felled some trees with the bulldozer that knocked down the fence in a couple of places, but the fence was immediately repaired and no stock escaped from the pasture after the fence was torn down and before it was repaired.

The trial judge, in passing on the demurrer to the evidence, had this to say:

"Gentlemen of the jury, it is the opinion of this court that if the plaintiff could recover at all he would have to recover on the doctrine of negligence, that is that the defendant in this case negligently destroyed the fence and refused and failed to reconstruct the same or protect plaintiff's cattle from straying. I don't think there is any testimony here that shows negligence. On the contrary I think it shows when this man run the bulldozer—and the plaintiff would be bound by that, he put him on the witness stand—he went out there, did this work, and two or three trees fell over on the fence and that was repaired. And, further, there is no testimony that the cattle escaped through that. You would have to presume that; no witnesses testified that they traced tracks through there, anything of that kind."

It would serve no useful purpose to engage in a further discussion of the evidence, but suffice to say from an examination of the entire record, we find the evidence fails to establish, by sufficient proof, the plaintiff's cause of action, and therefore hold the trial court did not err in sustaining the defendant's demurrer to the evidence of the plaintiff.

Judgment affirmed.

WILLIAMS, V. C. J., and WELCH, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., dissents.